## No. 5182.

JOB SMITH *v.* WILLIAM DURBRIDGE. CRESCENT CITY LIVE STOCK LANDING AND SLAUGHTERHOUSE COMPANY, garnishee.

That the Crescent City Live Stock Landing and Slaughterhouse Company, garnishee, being an incorporated company, is subject only to the jurisdiction of the Superior District Court, and can not be brought into the Fifth District Court, may be true as regards original process, but it does not hold when the company is made garnishee. The court which rendered the judgment out of which the garnishment process springs, necessarily has jurisdiction over the party made garnishee.

The objection that Durbridge, the defendant, having sued the garnishee for the same subject matter in the Sixth District Court, no other court could obtain jurisdiction by service of citation or garnishment process, can not be maintained. The plaintiff is not bound by any proceedings to which he was not a party, and as he was not a party to the suit referred to. the decision in that case, whatever it may be, can not affect his rights.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. T. A. Bartlette,* for plaintiff and appellee. *Semmes & Mott,* for Crescent City Live Stock Landing and Slaughterhouse Company, garnishee, appellant. *Hays & New,* for civil sheriff.

MORGAN, J. Plaintiff had judgment against the defendant for $8583, with interest and costs. He issued *fieri facias* and made the Crescent City Live Stock Landing and Slaughterhouse Company garnishees. The company answered that defendant was the owner of eighty shares of their capital stock, for which he held a certificate. These shares were seized and sold by the sheriff. The shares stood in the name of the defendant on the books of the company when they were sold. The sheriff ruled the company into court to show cause why the shares should not be transferred to Moore, Janney & Hyams, the purchasers. The rule was made absolute and the company appeal.

The first error assigned is that the garnishee, being an incorporated company, is subject only to the jurisdiction of the Superior District Court of this city, and can not be brought into the Fifth District Court. This may be true as regards original process, but it does not hold when the company is made garnishee. The court which rendered the judgment out of which the garnishee process springs, necessarily has jurisdiction over the party made garnishee.

The second objection is that Durbridge, the defendant, having sued the garnishee for the same subject matter in the Sixth District Court, no other court could obtain jurisdiction by service of citation or garnishment process. The answer to this is that the plaintiff is not bound by any proceedings to which he was not a party, and as he was not a party to the suit referred to, the decision in that case, whatever it may be, can not affect his rights.

Other grounds are stated in the brief of garnishees, but they are not contained in the pleadings, and we can not notice them.

Judgment affirmed.